10-7734
LMM/lms

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

2005 SEP -7  PM 1: 06

CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

CASE NO. 05-21793 CIV-MORENO

CONNIE BUSTINZA,

    Plaintiff,

vs.

AUTONATION, INC.;
L.P. EVANS OF WPB, INC.;
JOHN BROGNO and
LORI BROGNO,

    Defendants.
_____/

### PLAINTIFF'S MOTION TO COMPEL ARBITRATION & STAY PROCEEDINGS PENDING ARBITRATION, & MEMORANDUM OF LAW

The Plaintiff, CONNIE BUSTINZA, in accordance with the court's August 29, 2005 Order [D.E. No. 16] and *S.D.Fla.L.R.7.1.A.1.* file this motion to compel arbitration and stay proceedings pending arbitration, and with this incorporated memorandum of law states:

### Introduction

Plaintiff submits that, by reason of her arbitration agreement with the Defendant, (a) arbitration of the alleged controversy is appropriate, (b) this action should be stayed pending arbitration, and (c) this court should retain jurisdiction to review, approve, vacate and/or enforce the arbitration award as circumstances warrant. Thus, Plaintiff by this motion requests this court

*Bustinza v. AutoNation, et al.*
*Case No. 05-21793 CIV-MORENO*

to enter its order: compelling arbitration, staying these proceedings pending arbitration, and retaining jurisdiction to review, modify and, if appropriate, enforce the arbitration award.

### Memorandum of Law & Argument

Initially, Federal policy strongly favors arbitration. *Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1 (1983); *Anders v. Hometown Mortgage Servs., Inc.*, 345 F.3d 1024 (11th Cir. 2003).

Under *9 U.S.C. § 3* arbitration of all claims that are subject to arbitration must be compelled on motion of any party to an agreement that provides for arbitration under the Federal Arbitration Act, *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985), and federal litigation pending arbitration should be stayed. See, *Hardy v. Regions Mortgage, Inc.*, 2005 WL 1820042 (11th Cir. August 3, 2005) (noting that denial of a motion to compel is reviewed *de novo*, and reversing and remanding with instructions to grant the motion to stay litigation and to compel arbitration.); *9 U.S.C. § 16 (a)(1)(A)*; *Davis v. Southern Energy Homes, Inc.*, 305 F.3d 1268, 1270 (11th Cir. 2002)(order denying a motion to compel arbitration is reviewed *de novo*).

In this case, arbitration is warranted and appropriate by operation of the July 24, 2003 Arbitration Agreement [Exhibit "A"] that specifies:

> "Arbitration of disputes. * * * [Both employee and the dealership... agree that any claim, dispute and/or controversy (including, but not limited to, any claims of discrimination... whether they be based on the Florida Civil Rights Act, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws or regulations) that either the employee or the dealership (which employee agrees includes without limitation any and all parent, subsidiary or

*Bustinza v. AutoNation, et al.*
*Case No. 05-21793 CIV-MORENO*

affiliated entities, all of the owners...) may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Florida Statutes ss.682.01 et seq. This specifically includes any claim, dispute, or controversy, ... arising from, related to, or having any relationship to connection whatsoever with employee's seeking employment with, employment by, termination of employment, ... whether based on tort, contract, statutory, or equitable law or otherwise."

Counts nos. I, II, & III of the June 30, 2005 complaint [D.E. No. 1] *sub judice* alleged claims under the Florida Civil Rights Act, and Title VII of the Civil Rights Act of 1964.

Accordingly, the claims alleged in this case are within the scope of issues arbitrable under the Federal Arbitration Act ("FAA"). Arbitration should, therefore, be compelled and this litigation should be stayed pending arbitration.

**WHEREFORE**, and based on the foregoing, the Plaintiff moves for and requests this court to enter its order: (a) granting this motion, (b) compelling arbitration, (c) staying litigation pending arbitration, and (d) retain jurisdiction to review, modify, vacate and/or enforce an arbitration award,

### *S.D.Fla.L.R.7.1.A.3.* Certificate of good faith effort to confer

The undersigned counsel certifies that she has attempted in good faith to confer with opposing counsel and that defense counsel agrees with the Motion to Compel Arbitration and the staying of litigation to allow the court to retain jurisdiction to review, modify, vacate and/or enforce an arbitration award.

*Bustinza v. AutoNation, et al.*
*Case No. 05-21793 CIV-MORENO*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was mailed this 7th day of September, 2005, to: **Richard A. Ivers, Esq.** (Attorney for Defendants), Navon & Lavin, P.A., 2699 Stirling Road, Suite B-100, Fort Lauderdale, FL 33312.

        RESTANI & McALLISTER, P.A.
        Attorneys for Plaintiff
        2801 Ponce de Leon Blvd., 9th Floor
        Coral Gables, Florida 33134
        (305) 445-4090 Phone
        (305) 445-7728 Fax
        E-mail: lmm@restanilaw.com

        By: _____
        LUCIE M. McALLISTER, ESQ.
        FBN 843814

F:\WORD\FILES\10-7734\pleadings\M-CompelArbitration 01

## ARBITRATION AGREEMENT

**Arbitration of Disputes.** Both Employee and the Dealership acknowledge that the Dealership promotes a system of alternative dispute resolution that involves binding arbitration to resolve all disputes that may arise out of the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Dealership and Employee, both the Dealership and Employee agree that any claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and harassment, whether they be based on the Florida Civil Rights Act, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws or regulations) that either the Employee or the Dealership (which Employee agrees includes without limitation any and all parent, subsidiary or affiliated entities, and all of the respective owners, directors, officers, managers (both direct and indirect), employees, and agents of the Dealership) may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Florida Statutes §§ 682.01 et seq. This specifically includes any claim, dispute, or controversy, including class action claims, which would otherwise require or allow resort to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Dealership, whether based on tort, contract, statutory, or equitable law, or otherwise.

**Claims Excepted From Binding Arbitration.** The sole exceptions to the mandatory arbitration provision are claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under Workers' Compensation, and Unemployment Compensation claims filed with the state. However, nothing herein shall prevent Employee from filing and pursuing administrative proceedings only before the U.S. Equal Employment Opportunity Commission or an equivalent state agency.

**Rules of Arbitration.** In addition to requirements imposed by law, any arbitrator herein shall be a retired state or federal court judge, or other similarly qualified individual with arbitration experience as mutually agreed to by the parties, and shall be subject to disqualification on the same grounds as would apply to a judge of such court. The arbitrator shall observe the rules of procedure, evidence, and discovery applicable in civil cases pending in state or federal court, or such other procedural rules as the arbitrator shall designate, provided they allow the parties to prosecute or defend their respective claims and defenses. Resolution of the dispute shall be based solely upon the law governing the claims and defenses set forth in the pleadings, and the arbitrator may not invoke any basis (including but not limited to, notions of "just cause") other than such controlling law. The arbitrator shall have the immunity of a judicial officer from civil liability when acting in

**EXHIBIT A**

the capacity of an arbitrator, which immunity supplements any other existing immunity. Likewise, all communications during or in connection with the arbitration proceedings are privileged. As reasonably required to allow full use and benefit of this agreement, the arbitrator shall extend the times set for the giving of notices and setting of hearings. Decisions shall include the arbitrator's written reasoned opinion, and shall be final and binding upon the parties.

**Waiver of Jury Trial.** EMPLOYEE AND DEALERSHIP UNDERSTAND THAT BY VOLUNTARILY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH GIVE UP THEIR RIGHT TO TRIAL BY JURY OF ANY CLAIM EITHER MAY HAVE AGAINST EACH OTHER.

**Severability.** Should any term or provision, or portion thereof, be declared void or unenforceable it shall be severed and the remainder of this agreement shall be enforceable.

**Exclusive Agreement.** It is further agreed and understood that any agreement contrary to the foregoing must be entered into, in writing, by the General Manager of the Dealership. No supervisor or representative of the Dealership, other than the General Manager of the Dealership, has any authority to enter into any agreement contrary to the foregoing arbitration provisions. Oral representations made before or after Employee is hired do not alter this agreement.

**Entire Agreement.** This is the entire agreement between the Dealership and Employee regarding dispute resolution and this agreement supersedes any and all prior agreements regarding this issue.

MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS.

Signed at __MIAMI__, Florida, this __24__ day of __July__, 20__03__.

_____
Employee's Signature

MERCEDES-BENZ OF MIAMI
444 NW 165 ST MIAMI, FL 33169
Dealership Name

_____
By General Manager

__Connie Espinza__
Print Name (Employee)